Nicholas M. Fausto, Esq.
1 Convention Blvd.
Suite 2-293
Atlantic City, NJ 08401
Phone/Fax: 856-552-0411/888-798-5808

Michael E. Stosic, Esq.
236 Market St - #3
Philadelphia, Pa 19106
Phone/Fax: 215-913-5300/267-299-6282
(PRO HACE VICE )

| | |
|---|---|
| MICHELLE HARDING as Administratrix ad Prosequendum for the heirs-at-law of MATTHEW MCKLOSKEY, deceased,  Administratrix of the Estate of MATTHEW MCKLOSKEY, deceased, and Individually, MICHELLE HARDING<br><br>133 ELMER ST<br>FRANKLINVILLE, NJ 08322<br>V<br>FRANKLIN TOWNSHIP<br>1571 Delsea Drive<br>Franklinville, NJ 08322<br>AND<br>GLOUCESTER COUNTY<br>2 S Broad St, Woodbury, NJ 08096<br>AND<br>THE NEW JERSEY DEPARTMENT OF TRANSPORTATION OF THE STATE OF NEW JERSEY<br>AND<br>NICHOLAS LOCILENTO<br>AND<br>JOHN/JANE DOE(S) 1-15 | **UNITED STATES DISTRICT COURT FOR THE STATE OF NEW JERSEY**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

## INTRODUCTION

This action under 42 U.S.C. § 1983 and additional state law claims related to Matthew McCloskey being struck and killed by the police cruiser of Officer Nicholas Locilento on an unsafe road.

## PARTIES

1. Plaintiff, Michelle Harding as administrator for the Estate of Matthew McKloskey, and an individual with an address at 133 Elmer Street, Franklinville, NJ, 08322.

2. Defendant, Franklin Township is a public municipal body and corporation within the State of New Jersey located in Gloucester County with an address of 1581 Delsea Drive, Franklinville New Jersey, 08322 that owns, operates, manages, directs and controls the Franklin Township Police Department which employed and all relevant times Nicholas Locilento and  the currently unnamed and unknown Police officers and administrators referred to in the caption above who has received notice pursuant to Pursuant to N.J.S.A. 59:8--☐8.

3. Defendant, Gloucester County is a County Government within the State of New Jersey with a County Administrator building located at  2 S Broad St, Woodbury, NJ 08096 who have received notice Pursuant to N.J.S.A. 59:8--☐8.

4. Defendant, NEW JERSEY DEPARTMENT OF TRANSPORTATION,  is a governmental entity of the STATE OF NEW JERSEY with a principal place of business of 1035 Parkway Avenue, CN 600, Trenton, County of Mercer New Jersey who has received notice pursuant to Pursuant to N.J.S.A. 59:8--☐8.

5. NICHOLAS LOCILENTO  is an employee and/or agent of FRANKLIN TOWNSHIP, acting under the color of  state, county, township and/or other entities law, statutes, ordinances, polices, regulations and/or procedures and are being sued in his official and individual capacity.

6. Defendants, JOHN/JANE DOE(S) 1-15, fictitious names, are and at all times relevant to this action are individuals, corporations, business entities, parties, government employees, builders, contractors, servants, agents employees, owners, operators, police officers, safety officers, sergeants and/or any other member of the Police Department,  vehicle safety officers, supervisors, managers, and/or any other person entrusted with the hiring, supervision, maintenance, staffing, route management, policy and/or procedure management for the Township of Franklin or State of New Jersey related to the incident in this complaint acting under the color of state, county, township and/or other entities, statutes, ordinances, polices, regulations and/or procedures and are being sued in  his official and individual capacity.

## JURISDICTION AND VENUE

7. All prior paragraphs are adopted by reference and realleged as though fully set forth.

8. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based on 28 u.s.c. § 1331 and 1343 (1), (3) (4) and the aforementioned statutory provision.

9. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate state law claims pursuant to 28 U.S.C. s 1367 (a).

10. Venue is proper under USC 1391 e(2)  pursuant to the parties residing and the incident occurring in the Gloucester County, New Jersey.

## FACTUAL ALLEGATIONS

11. All prior paragraphs are adopted by reference and realleged as though fully set forth.

12. On or around, December 28, 2014, in or around 7:00 pm, MATTHEW MCKLOSKEY, was walking with two friends from a location close to his home on

133 Elmer St, Franklinville, NJ in or around the 3100 block of Delsea Drive, Franklinville, New Jersey 08322.

13. Matthews was 10 years old and a child of tender years.

14. The two friends were also minors and their names are intentionally left out to protect their identity.

15. Matthew was walking less than a mile away from where he had started walking.

16. Matthew's route required him to cross Route 47 also known as Delsea Drive to get to the home.

17. At the time Matthew was crossing Delsea Drive/Rt 47, A Franklin Township Police Officer, who at all time relevant was acting under the scope of his employment and color of the law, was driving in or around 80 mph on Rt 47/Delsea Drive responding to a non-emergency call on Willow Grove Road.

18. The Officer was NICHOLAS LOCILENTO who had fairly recently been hired by Franklin Township.

19. Officer NICHOLAS LOCILENTO, pursuant to the procedures and polices of the police department, had complete discretion as his speed limit, use of lights, use of sirens and related safety precautions to better be in control of his vehicle and/or alert the general public as to his speed.

20. Officer NICHOLAS LOCILENTO with an understating that:

   i.    He was responding to a non-emergency call that was less than three miles away.
   ii.   He was driving in or around  80 mph
   iii.  It was dark.  (around 7:00pm)

    iv.    It was raining (pursuant to Weather Data)

    v.    There were less than ideal road conditions (rain covered roads)

    vi.    There were children of tender years living and playing in the neighborhood (30% of the population in the county were minors according to census data)

21. Officer NICHOLAS LOCILENTO with an understanding of these factors used his discretion to drive in or around 80 mph without lights and sirens given the aforementioned conditions.

22. Officer NICHOLS LOCILENTO made this decision based all or in part on the directions, policy, training and procedures of the Franklin County Police Department and/or Gloucester County.

23. The risk of death to Matthew, a child of tender years, was further exacerbated by the failure of the NEW JERSEY DEPARTMENT OF TRANSPORTATION to act and thus create safe conditions for its residents.

24. Despite Delsea Drive/Rt. 47 crossing through a residential neighborhood with a school and a significant population of minor children, Matthew McKloskey did not have the aide of reduced speed, proper signage, rumble strips, pedestrian crossing and/or other related safety precautions for the residents despite the make up of the neighborhood on his travel home.

25. The State of New Jersey and all relevant government entities were on notice of the dangers of this road pursuant to letters and proposed legislation sent by politicians proposing changes and national data reports indicating the RT47 is the most dangerous road in the County.

26. Despite this knowledge and warning, The State of New Jersey and all relevant government entities failed to act.

27. The injuries were the proximate result of the actions of the Defendants.

28. Matthew died as a result of the failings of the Defendants.

### FIRST CAUSE OF ACTION –
### MONELL ALLEGATIONS TOWARDS FRANKLIN TOWNSHIP  AND
### GLOUCESTER COUNTY
### AS TO THE POLICES AND PROCEDURES OF
### THE FRANKLIN TOWNSHIP POLICE DEPARTMENT
### (BOTH JOINTLY AND SEVERALLY)
(42 U.S.C. § 1983 )

29. All prior paragraphs are adopted by reference and realleged as though fully set forth.

30.  Based upon the principles set forth in *Monell V New York City Department Of Social Services, 436 U.S. 658*, FRANKLIN TOWNSHIP and GLOUCESTER COUNTY, both jointly and/or severally, through it employees, agents and/or any other party failed in it's duties when if failed to properly train, monitor, provide adequate supervision, and/or otherwise manage it's employees on:

   a. The proper policies, practices and procedures in responding to non-emergency calls.  Including but not limited to allowing complete discretion to rookie officers as to their speed limit, use of lights, use of sirens and related safety precautions to better be in control of his vehicle and/or alert the general public as to his speed. Including but not limited to failure to include policies and procedures related to the road conditions, weather, experience of the officer and type of neighborhood;

   b. The monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers.

c.  The failure to identify and take remedial, training or disciplinary action against police officers who were subject of prior civilian or internal complaints of misconduct.

d.  FRANKLIN TOWNSHIP AND GLOUCESTER COUNTY whether jointly or severally, as alleged in the Factual Allegations, violated the rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited those secured by the Fourth amendment to the Constitution.

31.  "[T]he need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, 489 U.S. at 390, 109 S.Ct. at 1205*.

32. Further, Franklin Township and Gloucester County, whether jointly or severally created a custom and/or culture that led to the reckless, callous and/or deliberate indifference of the Police Officers in regards to implementing safety procedures while on non-emergency calls to prevent the injury of citizens.

33. The Defendants have by the above described actions were the proximate cause of Matthews injuries and deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.
34. The injuries were the proximate result of the actions of the Defendants.

35. Matthew died as a result of the failings of the Defendants.

WHEREFORE , Plaintiff requests compensatory damages, punitive and/or other available damages along with Reasonable Attorney's Fees and costs and such other and

further relief as appears reasonable and just.  A jury trial as to each Defendant as to each count.

## SECOND CAUSE OF ACTION
## NICHOLS LOCILENTO IN HIS INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY BOTH JOINTLY AND SEVERALLY IN VIOLATION OF THE CIVIL RIGHTS OF MATTHEW MCCLOSKY

36. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

37. NICHOLS LOCILENTO used  "reckless or callous indifference" in his decision to drive in or around 80 mph without lights or sirens given the aforementioned factors when he left the Franklin Township Police Station.    Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and/or rights of Matthew in the face of a perceived risk of harm and right to life in violation of federal law.

38. The Defendant has either through his aforementioned actions or in conjunction with other factors was the proximate cause of Matthews death and deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE , Plaintiff requests compensatory damages, punitive and/or other available damages along with Reasonable Attorney's Fees and costs and such other and further relief as appears reasonable and just.  A jury trial as to each Defendant as to each count.

## THIRD CAUSE OF ACTION
## AGAINST JOHN DOE DEFENDANTS IN THEIR INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY BOTH JOINTLY AND SEVERALLY IN VIOLATION OF THE CIVIL RIGHTS OF MATTHEW MCCLOSKY

39. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

40. JOHN DOE DEFENDANTS used "reckless or callous indifference" in making the area of Delsea Drive/Rt. 47 between crossing through a residential neighborhood with a school and a significant population of minor children, Matthew McKloskey did not have the aide of reduced speed, proper signage, rumble strips, pedestrian crossing and/or other related safety precautions for the residents despite the make up of the neighborhood on his travel home.

41. In fact, the Traffic Regulations for the Department of Transportation of New Jersey for the area in question keep the speed limit at 50 mph and shockingly even during school zone hours which is meant to protect the safety of minor keep the miles per hour at 35.

42. "The (D) Zone 4: 50 MPH between the Malaga Branch Creek and Paul, Street, except for 35 MPH when passing through the Caroline Reutter School zone (mileposts 55.46 to 55.70) during recess when the presence of children is clearly visible from the roadway or while children are going to or leaving school, during opening or closing hours (approximate mileposts 53.37 to 56.16)" *Traffic Regulations/Orders of the Commissioner of Transportations/Speed Limits for State Roads.*

43. The JOHN DOES(S) used "reckless or callous indifference" in their decision to reduced speed, proper signage, rumble strips, pedestrian crossing and/or other related safety precautions for the residents despite the make up of the neighborhood despite an overwhelming statistics and data reflecting the danger of the road and understanding the inherit danger of a two lane highway without guardrails, dividers and/or related.

44. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it

reflects complete indifference to the plaintiff's safety and/or rights of Matthew in the face of a perceived risk of harm and right to life in violation of federal law.

45. The Defendants either through his aforementioned actions or in conjunction with other factors were the proximate cause of Matthews death and deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

46. Based upon the principles set forth in _Monell V New York City Department Of Social Services, 436 U.S. 658_, John Doe(s), whether jointly and/or severally, through it employees, agents and/or any other party failed in it's duties when if failed to properly train, monitor, provide adequate supervision, and/or otherwise manage it's employees on:

e.  The proper policies, practices and procedures in responding to non-emergency calls.  Including but not limited to allowing complete discretion to rookie officers as to their speed limit, use of lights, use of sirens and related safety precautions to better be in control of his vehicle and/or alert the general public as to his speed. Including but not limited to failure to include policies and procedures related to the road conditions, weather, experience of the officer and type of neighborhood;

f.  The monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers.

g.  The failure to identify and take remedial, training or disciplinary action against police officers who were subject of prior civilian or internal complaints of misconduct.

h.  John Does whether jointly or severally, as alleged in the Factual Allegations, violated the rights, privileges, and immunities secured by the Constitution and

laws of the United States, including but not limited those secured by the Fourth amendment to the Constitution.

47.  "[T]he need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, 489 U.S. at 390, 109 S.Ct. at 1205*.

48. Further, whether jointly or severally created a custom and/or culture that led to the reckless, callous and/or deliberate indifference of the Police Officers in regards to implementing safety procedures while on non-emergency calls to prevent the injury of citizens.

49. The Defendants have by the above described actions were the proximate cause of Matthews injuries and deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

WHEREFORE , Plaintiff requests compensatory damages, punitive and/or other available damages along with Reasonable Attorney's Fees and costs and such other and further relief as appears reasonable and just.  A jury trial as to each Defendant as to each count.

## STATE CLAIMS
## FOURTH CAUSE OF ACTION
### (Wrongful Death and Survival)
## (PLAINTIFFS V  NEW JERSEY DEPARTMENT OF TRANSPORTATION)

50. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

51.  On June 5th, 2015 plaintiff was granted letters of administration ad prosequundum by the Surrogate's Court of the County of Gloucester, New Jersey. A copy of plaintiff's letters of administration ad prosequundum is attached as EXHIBIT "A" and is incorporated into this complaint by this reference. The attached letters were granted to authorize plaintiff to bring this action against all named Defendants referred to in this complaint as defendants, on behalf of decedent's survivors, named and described below.

52. At all times relevant hereto, the Defendant was in possession and control of certain real estate known as Delsea Drive or Rt 47 in New Jersey.

53. Plaintiff provided notice of the aforementioned incident pursuant to N.J.S.A. 59:8--□8. (See Exhibit B)

54. The State of New Jersey and all relevant government entities were also constructive on notice of the dangers of this road pursuant to letters and legislation sent by senators proposing changes  and national data reports indicating the Route 47 is the most dangerous road in the County.

55. Defendant is subject to liability to Plaintiff for injuries under the Sovereign Immunity Act and/or the Political Subdivision Tort claims Act.

56. The dangerous condition that was the result of the defendants negligence as enumerated above created a reasonably foreseeable risk of the kind of injury that plaintiff suffered.

57. At all time relevant hereto, defendants knew or should have known, that members of the public and specifically minor children of the community regularly walk on or across this roadway, street and/or highway and the conditions or other defects would foreseeably cause injury to members of the public.

58. Plaintiff avers that defendant and/or their servants, employees and/or agents had a duty to regularly inspect, maintain and ensure that Delsea Dr/Rt 47.

59. The aforesaid occurrence and the resulting death were caused by the negligence of The NEW JERSEY DEPARTMENT OF TRANSPORTATION, and/or their servants, employees and/or agents, in the following:

   a. failing to regularly inspect the roadway, street and/or highway for defective conditions;
   b. improperly maintaining and/or failing to maintain the roadway ;
   c. failing to prevent roadway defects ;
   d. failing to remedy and repair roadway defects ;
   e. failing to warn plaintiff and others similarly situated of the dangerous condition of the roadway ;
   f. failing to erect, place, keep and illuminate adequate barricades and warning signs;
   g. failing to monitor the condition of the roadway, street and/or highway ;
   h. failing to have appropriate policies and procedures for the inspection, maintenance, care, custody and control of the roadway, street and/or highway ;
   i. failing to follow regulation and generally accepted standards in the inspection, maintenance, construction, care custody and control of the roadways, streets and/or high ways ;
   j. reduced speed, proper signage, rumble strips, pedestrian crossing and/or other related safety precautions for the residents despite the make up of the neighborhood on his travel home.
   k. failure to exercise due care under the circumstances.

60. In fact, the Traffic Regulations for the Department of Transportation of New Jersey for the area in question keep the speed limit at 50 mph and shockingly even during

school zone hours which is meant to protect the safety of minor keep the miles per hour at 35.

61. "The (D) Zone 4: 50 MPH between the Malaga Branch Creek and Paul, Street, except for 35 MPH when passing through the Caroline Reutter School zone (mileposts 55.46 to 55.70) during recess when the presence of children is clearly visible from the roadway or while children are going to or leaving school, during opening or closing hours (approximate mileposts 53.37 to 56.16)" *Traffic Regulations/Orders of the Commissioner of Transportations/Speed Limits for State Roads.*

62. The NEW JERSEY DEPARTMENT OF TRANSPORTATION whether intentional, negligent, careless or reckless decided not to act to maintain safe roadway conditions despite the make up of the neighborhood despite overwhelming statistics and data reflecting the danger of the road and understanding the inherit danger of a two lane highway without guardrails, dividers and/or related.

63. The NEW JERSEY DEPARTMENT OF TRANSPORTATION as a direct and proximate result through their aforementioned actions and/or in conjunction with other factors described above, decedent's body was severely injured, and as a further direct and proximate result of defendant's negligence, decedent died.

64. Decedent is survived by is survived by Michelle Harding, mother, who is entitled to take decedent's intestate personal property, and who have suffered pecuniary injury, including the loss of decedent's financial support, as a direct and proximate result of decedent's death.

65. The Defendants either through his aforementioned actions or in conjunction with other factors were the proximate cause of Matthews injuries and subsequent death.

66. Decedent's death occurred on December 28, 2104. This action was commenced on within two years of descendant's death.

67. Matthew, at the time of his death, was 10 years of age, in good health, able-bodied, with a substantial earning power, and having a long life expectancy; he was living with the plaintiff, who was entitled to his services and earnings , as well as to the care, comfort and support that Matthew would have been able to furnish the plaintiff; by reason of the defendant's negligence

68. The defendant has deprived the plaintiff, as the mother of Matthew, of the services, support, care, loss of the child's companionship, advice, future financial support and attention of Matthew and plaintiff has incurred hospital, medical and funeral expenses on behalf of the deceased, all to plaintiff's damage.

69. The pain and suffering  and other loss experienced by the decedent from the time of the alleged  negligence and resulting injury until the time of death.  Plaintiff demands judgment and damages in excess of $1,000,000.00

WHEREFORE,  plaintiffs demands judgment against defendant, plus interest and costs for actual, compensatory, punitive, delay and all other relevant damages to be determined by the court. In addition but not limited to damages specifically entitled and plead herein pursuant to N.J.S.A. 2A:15-3 related to recoverable Damages listed within the statute.

### FIFTH CAUSE OF ACTION –
### PLAINTIFFS V. THE STATE OF NEW JERSEY, THE NEW JERSEY
### DEPARTMENT OF TRANSPORTATION
### NEGLIGENCE

70. Plaintiff  incorporates all prior paragraphs as set forth fully herein.

71.  Defendant, THE STATE OF NEW JERSEY, THE NEW JERSEY DEPARTMENT OF TRANSPORTATION whether intentional, negligent, carless or reckless in failing

to afford employees and/or other agents through the aforementioned actions/inaction caused substantial injury and death of Matthew.

72. The Defendants either through his aforementioned actions or in conjunction with other factors were the proximate cause of Matthews injuries and subsequent death.

WHEREFORE,  plaintiffs demands judgment against defendant, plus interest and costs for actual, compensatory, punitive, delay and all other relevant damages to be determined by the court.

## FIFTH CAUSE OF ACTION –
## PLAINTIFFS V. FRANKLIN TOWNSHIP and GLOUCESTER COUNTY
## NEGLIGENT TRAINING
### (Jointly and/or severally)

73. Plaintiff  incorporates all prior paragraphs as set forth fully herein.

74.  Defendants Gloucester County and Franklin Township, Franklin Township Police Department, jointly and/or severally whether intentional, negligent, carless or reckless in failing to afford employees and/or other agents the proper and special training necessary for the duties they could foreseeably be expected to perform in the course of the employment in that defendants received inadequate training regarding the response to non-emergency calls and calls generally.

75. The actions were the custom or policies of the Franklin County and the Police Department.

76. The Defendants either through his aforementioned actions or in conjunction with other factors were the proximate cause of Matthews injuries and subsequent death.

WHEREFORE,  plaintiffs demands judgment against defendant, plus interest and costs for actual, compensatory, punitive, delay and all other relevant damages to be determined

by the court.

## SIXTH CAUSE OF ACTION –
## PLAINTIFFS V. FRANKLIN TOWNSHIP and GLOUCESTER COUNTY
## RESPONDENT SUPERIOR

(Jointly and Severally)

77. Plaintiff  incorporates all prior paragraphs as set forth fully herein.

78. At all times material and relevant herein and at the time that the individual defendant(s) committed the intentional, negligent and/or reckless acts described herein, the individual defendants were acting within the scope of their authority and employment as employed police officers and/or other agents, employees, managers, directors and/or other agents and servants of Franklin Township in pursuance of the authority given such employees by defendants and such employees were acting or attempting to act in the interest of defendants and pursuant to instructions and/or inaction of Franklin Township.

79. Defendants Gloucester County and Franklin Township, Franklin Township Police Department, jointly and/or severally is liable in respondent superior.

80. Defendants Gloucester County and Franklin Township, Franklin Township Police Department, jointly and/or severally as a direct and proximate and/or in conjunction with others through their aforementioned actions and/or in conjunction with other factors described above, decedent's body was severely injured, and as a further direct and proximate result of defendant's negligence, decedent died.

WHEREFORE,  plaintiffs demands judgment against defendant, plus interest and costs for actual, compensatory, punitive, delay and all other relevant damages to be determined by the court.

## SEVENTH CAUSE OF ACTION –

## PLAINTIFFS V. NICHOLAS LOCILENTO
## WRONGFUL DEATH AND SURVIVAL ACTION

81. All prior paragraphs are hereby incorporated by inference.

82. The NICHOLAS LOCILENTO whether intentional, negligent, careless or reckless did not respond to the non-emergency call in an appropriate manner when he drove in or around 80 mph without light or sirens with an understating that:

    vii.    He was responding to a non-emergency call that was less than three miles away.

   viii.    It was dark.  (7:00pm)

    ix.    It was raining (pursuant to Weather Data)

    x.    There were less than ideal road conditions (rain covered roads)

    xi.    There were children of tender years living and playing in the neighborhood (30% of the population in the county were minors according to census data)

83. The NICHOLAS LOCILENTO as a direct and proximate result through their aforementioned actions and/or in conjunction with other factors described above, decedent's body was severely injured, and as a further direct and proximate result of defendant's negligence, decedent died.

84. Decedent is survived by Michelle Harding, mother, who is entitled to take decedent's intestate personal property, and who have suffered pecuniary injury, including the loss of decedent's financial support, as a direct and proximate result of decedent's death.

85. The Defendants either through his aforementioned actions or in conjunction with other factors were the proximate cause of Matthew's injuries and subsequent death.

86. Decedent's death occurred on December 28, 2104. This action was commenced on within two years of descendant's death.

87. Matthew, at the time of his death, was 10 years of age, in good health, able-bodied, with a substantial earning power, and having a long life expectancy; he was living with the plaintiff, who was entitled to his services and earnings , as well as to the care, comfort and support that Matthew would have been able to furnish the plaintiff; by reason of the defendant's negligence.

88. The defendants have deprived the plaintiff, as the mother of Matthew, of the services, support, care, loss of the child's companionship, advice, future financial support and attention of Matthew and plaintiff has incurred hospital, medical and funeral expenses on behalf of the deceased, all to plaintiff's damage.

89. The pain and suffering  and other loss experienced by the decedent from the time of the alleged  negligence and resulting injury until the time of death.

WHEREFORE,  plaintiffs demands judgment against defendant, plus interest and costs for actual, compensatory, punitive, delay and all other relevant damages to be determined by the court. In addition but not limited to damages specifically entitled and plead herein pursuant to N.J.S.A. 2A:15-3 related to recoverable Damages listed within the statute.

## EIGHTH CAUSE OF ACTION –
## PLAINTIFFS V. NICHOLAS LOCILENTO
## NEGLIGENCE

90. Plaintiff  incorporates all prior paragraphs as set forth fully herein.

91. All prior paragraphs are hereby incorporated by inference.

92. The NICHOLAS LOCILENTO whether intentional, negligent, careless or reckless did not respond to the non-emergency call in an appropriate manner when he drove in or around 80 mph without light or sirens with an understating that:

xii.      He was responding to a non-emergency call that was less than three miles away.

xiii.    It was dark.  (7:00 pm)

xiv.    It was raining (pursuant to Weather Data)

 xv.    There were less than ideal road conditions (rain covered roads)

xvi.    There were children of tender years living and playing in the neighborhood

(30% of the population in the county were minors according to census data)

93. That NICHOLAS LOCILENTO as a direct and proximate result through their aforementioned actions and/or in conjunction with other factors described above, decedent's body was severely injured, and as a further direct and proximate result of defendant's negligence, decedent died.

WHEREFORE,  Plaintiffs demands judgment against defendant, plus interest and costs for actual, compensatory, punitive, delay and all other relevant damages to be determined by the court.

**NINTH CAUSE OF ACTION –**
**PLAINTIFFS V. FRANKLIN TOWNSHIP AND GLOUCESTER COUNTY**
**WRONGFUL DEATH AND SURVIVAL ACTION**
**(JOINTLY AND SEVERALLY)**

94. All prior paragraphs are adopted by reference and realleged as though fully set forth.

95.  FRANKLIN TOWNSHIP and/or GLOUCESTER COUNTY through it employees, agents and/or any other party failed in it's duties when if failed to properly train, monitor, provide adequate supervision, and/or otherwise manage it's employees on:

i.    The proper policies, practices and procedures in responding to non-emergency calls.  Including but not limited to allowing complete discretion to rookie officers as to their speed limit, use of lights, use of sirens and related safety precautions to better be in control of his vehicle and/or alert the general public as to his speed.

Including but not limited to failure to include policies and procedures related to the road conditions, weather, experience of the officer and type of neighborhood;

j.   The monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers.

k.   The failure to identify and take remedial, training or disciplinary action against police officers who were subject of prior civilian or internal complaints of misconduct.

l.   FRANKLIN TOWNSHIP AND GLOUCESTER COUNTY whether jointly or severally, as alleged in the Factual Allegations, violated the rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited those secured by the Fourth amendment to the Constitution.

96.  "[T]he need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, 489 U.S. at 390, 109 S.Ct. at 1205*.

97. Further, Franklin Township and Gloucester County, whether jointly or severally created a custom and/or culture that led to the reckless, callous and/or deliberate indifference of the Police Officers in regards to implementing safety procedures while on non-emergency calls to prevent the injury of citizens.

98. The Defendants have by the above described actions were the proximate cause of Matthews injuries and deprived Plaintiff of rights

99. The injuries were the proximate result of the actions of the Defendants.

100.    Matthew died as a result of the failings of the Defendants.

101.    Decedent is survived by Michelle Harding, mother, who is entitled to take decedent's intestate personal property, and who have suffered pecuniary injury, including the loss of decedent's financial support, as a direct and proximate result of decedent's death.

102.    The Defendants either through his aforementioned actions or in conjunction with other factors were the proximate cause of Matthew's injuries and subsequent death.

103.    Decedent's death occurred on December 28, 2104. This action was commenced on within two years of descendant's death.

104.    Matthew, at the time of his death, was 10 years of age, in good health, able-bodied, with a substantial earning power, and having a long life expectancy; he was living with the plaintiff, who was entitled to his services and earnings , as well as to the care, comfort and support that Matthew would have been able to furnish the plaintiff; by reason of the defendant's negligence.

105.    The defendants have deprived the plaintiff, as the mother of Matthew, of the services, support, care, loss of the child's companionship, advice, future financial support and attention of Matthew and plaintiff has incurred hospital, medical and funeral expenses on behalf of the deceased, all to plaintiff's damage.

106.    The pain and suffering  and other loss experienced by the decedent from the time of the alleged  negligence and resulting injury until the time of death.

WHEREFORE,  plaintiffs demands judgment against defendant, plus interest and costs for actual, compensatory, punitive, delay and all other relevant damages to be determined by the court. In addition but not limited to damages specifically entitled and plead herein pursuant to N.J.S.A. 2A:15-3 related to recoverable Damages listed within the statute.

## DEMAND FOR PUNITIVE DAMAGES

107.    The actions of the Individual Defendants detailed herein are outrageous, in that they propagated a policy even though they know for  act that their actions are unconstitutional.


## DEMAND FOR A JURY TRIAL

108.    The Plaintiffs hereby demand a trial by jury.


Dated: June 18, 2015


Respectfully,

/s/ Nicholas M. Fausto, Esquire

Attorney for Plaintiff

/s/ Michael E. Stosic, Esquire

Attorney for Plaintiff
Pro Hac Vice