UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF MATTHEW MCKLOSKEY et al., | : : : |
| Plaintiffs, | : Civ. No. 15-4171 (JHR/AMD) : : |
| v. | : **OPINION** : |
| FRANKLIN TOWNSHIP, et al., | : : : |
| Defendants. | : : |

**APPEARANCES**:

NICHOLAS M. FAUSTO, ESQ.
1 Convention Blvd., Suite 2-293
Atlantic City, New Jersey 08401

and

MICHAEL E. STOSIC, ESQ. (pro hac vice)
236 Market Street, #3
Philadelphia, Pennsylvania 19106
    Counsel for Plaintiffs

RICHARDSON EMPLOYMENT AND CIVIL RIGHTS LAW
By:   Allan E. Richardson, Esq.
142 Emerson St., Suite B
Woodbury, New Jersey 08096
    Counsel for Defendants Franklin Township and Nicholas Locilento

MADDEN & MADDEN, PA
By: Patrick J. Madden, Esq.
108 Kings Highway East, Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033

Counsel for Defendant Gloucester County

ARCHER & GREINER, PC
By: John C. Connell, Esq.
    Kerri E. Chewning, Esq.
    Daniel J. Defiglio, Esq.
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey 08033
            Counsel for Gloucester County Prosecutor's Office and Gloucester
            County Prosecutor Sean Dalton

**RODRIGUEZ,** United States District Judge:

In the evening of December 28, 2014, ten year-old Matthew McKloskey was struck and killed by a police car driven by Defendant Franklin Township Police Officer Nicholas Locilento. Plaintiffs-- Matthew's mother, Michelle Harding, and Matthew's Estate-- assert claims against Defendants Locilento, Franklin Township, Gloucester County, the Gloucester County Prosecutor's Office, and Gloucester County Prosecutor Sean Dalton.[1]

Presently before the Court are two Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6): (1) the Motion of Defendant Gloucester County (Docket #44); and (2)

---

[1] Defendant New Jersey Department of Transportation was previously dismissed from this suit on 11th Amendment grounds.

the Motion of Defendants Gloucester County Prosecutor's Office, and Prosecutor Sean Dalton (Docket #51).

For the reasons stated herein, the Court holds that the Amended Complaint fails to plead sufficient facts to plausibly support a finding of liability against the County and Prosecutor Dalton.  Plaintiffs will be allowed an opportunity to amend the Amended Complaint to attempt to cure these pleading deficiencies.  Further, the Court holds that the claim against the Gloucester County Prosecutor's Office fails as a matter of law.

## II.   BACKGROUND

The following facts are alleged in the Amended Complaint.

Matthew McKloskey and two friends were crossing Delsea Drive (also known as New Jersey State Route 47) in Franklin Township, New Jersey, around 7:00 p.m. (Amend. Compl. ¶¶ 12, 16)  It was late December, it was dark outside, and it was raining.  (Id. ¶¶ 12, 20)

Defendant Officer Locilento, "who had fairly recently been hired by Franklin Township," "was responding to a non-emergency call that was less than three miles away."  (Amend. Compl. ¶¶ 18, 20)  Locilento was driving "around 80 [miles per hour] without lights and sirens" when he struck Matthew with his car.  (Id. ¶ 21)

Very shortly thereafter, Matthew died as a result of the injuries he sustained. (Id. ¶¶ 28, 103)

*Claims against Defendant Gloucester County*

Plaintiffs assert in each of Counts 1, 5, 6, and 9 of the Amended Complaint, the liability of both Franklin Township and Gloucester County "jointly and severally," asserting claims of § 1983 / *Monell* liability (Count 1); "negligent training" (Count 5); "respondeat superior" (Count 6); and wrongful death / survivorship (Count 9).

With respect to Gloucester County, the Amended Complaint contains only one factual allegation: "Officer NICHOLS LOCILENTO made th[e] decision [to drive 80 miles per hour without lights and sirens] based all or in part on the directions, policy, training and procedures of the Franklin County [sic] Police Department and/or Gloucester County." (Amend. Compl. ¶ 22)

The Amended Complaint also contains the following conclusory allegations:

- "Based upon the principles set forth in *Monell v. New York City Department Of Social Services*, 436 U.S. 658, FRANKLIN TOWNSHIP and GLOUCESTER COUNTY, both jointly and/or severally, through it[s] employees, agents and/or any other party failed in it's [sic] duties when i[t] failed to properly train, monitor, provide adequate supervision, and/or otherwise manage it's [sic] employees." (Amend. Compl. ¶ 30; *see also* id. ¶ 95)

- "Franklin Township and Gloucester County, whether jointly or severally created a custom and/or culture that led to the reckless, callous and/or deliberate indifference of the Police

>Officers in regards to implementing safety procedures while on non-emergency calls to prevent the injury of citizens." (Amend. Compl. ¶ 32)

- "Defendants Gloucester County and Franklin Township, Franklin Township Police Department, jointly and/or severally whether intentional, negligent, carless or reckless in failing to afford employees and/or other agents the proper and special training necessary for the duties they could foreseeably be expected to perform in the course of the employment in that defendants received inadequate training regarding the response to non-emergency calls and calls generally. The actions were the custom or policies of the Franklin County [sic] and the Police Department." (Amend. Compl. ¶¶ 74-75)

- "Defendants Gloucester County and Franklin Township, Franklin Township Police Department, jointly and/or severally is [sic] liable in respondent [sic] superior." (Amend. Compl. ¶ 79)

*Claims against Defendants Gloucester County Prosecutor's Office and Prosecutor Sean Dalton*

The Amended Complaint asserts one count (Count 3) against the Prosecutor Defendants—individual liability and *Monell* liability under § 1983. Somewhat confusingly, the Amended Complaint alleges that the Prosecutor Defendants failed to: (a) reduce the speed limit on the relevant portion of the roadway; (b) install rumble strips on the road; (c) install "proper signage"; "and/or" (d) take "other related safety precautions." (Amend. Compl. ¶ 40)

5

## III.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all factual allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible.  *Phillips*, 515 F.3d at 234.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court *must* permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal citation and quotation omitted; emphasis added).

## IV.   DISCUSSION

### A.

Defendant Gloucester County moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Amended Complaint lacks sufficient factual allegations to pass muster under Fed. R. Civ. P. 8, *Twombly*, and *Iqbal*.

Specifically, Gloucester County argues that the Amended Complaint fails to articulate "how the County exerted control over Defendant Franklin Township." (Moving Brief, p. 2)  This is significant because it appears undisputed that Franklin Township-- not the County-- directly controls the Franklin Township Police Department, and is primarily responsible for supervising and training Franklin Township police officers. (*See also* Amend. Compl. ¶ 18)(alleging that Franklin Township "hired" Officer Locilento).

In opposition to the motion, Plaintiffs submit exhibits which, they assert, demonstrate that Gloucester County Prosecutor Sean Dalton "played a part in the making of practices and policies" for Franklin Township and its police officers. (Opposition Brief, p. 8, and Exhibits A-B)  Plaintiffs request leave to amend their Amended Complaint. (Opposition Brief, p. 9)

Gloucester County has filed no reply to Plaintiffs' opposition.

The allegations concerning Gloucester County currently lack sufficient factual support to raise Plaintiffs' claims above the speculative level. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiffs will, however, be granted leave to amend their Amended Complaint in an attempt to cure the pleading deficiencies as to Gloucester County. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) ("[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court *must* permit a curative amendment unless such an amendment would be inequitable or futile.")(internal citation and quotation omitted; emphasis added).

### B.

**1. Defendant Gloucester County Prosecutor's Office**

The Motion to Dismiss of the Gloucester County Prosecutor's Office will be granted.

A county prosecutor's office is not a "person" capable of being sued under § 1983.[2] <u>Sutton v. Gloucester County Prosecutors Office</u>, 2014 U.S. Dist. LEXIS 70302

---

[2] Section 1983 provides, in relevant part, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . .

(D.N.J. May 21, 2014) (holding that the Gloucester County Prosecutor's Office is not a "person" under § 1983); see also Egas v. Fit Rite Body Parts, Inc., 2014 U.S. Dist. LEXIS 113493 at *8 (D.N.J. Aug. 15, 2014) (prosecutor's office not a "person" under § 1983); Gordon v. Berkeley Twp Police, 2011 U.S. Dist. LEXIS 69595 at *4 (D.N.J. June 27, 2011)(same); Baker v. Lewis, 2010 U.S. Dist. LEXIS 110945 at *1 n.1 (D.N.J. Oct. 18, 2010)(same); Nugent v. County of Hunterdon, 2010 U.S. Dist. LEXIS 47654 at *4 (D.N.J. May 14, 2010)(same); West v. City of Jersey City Police Dep't, 2009 U.S. Dist. LEXIS 57584 at *14 (D.N.J. July 6, 2009)(same); Stackhouse v. City of E. Orange, 2008 U.S. Dist. LEXIS 90727 at *13-14 (D.N.J. Nov. 6, 2008)(same); Smith v. H.C. Prosecutors Office, 2008 U.S. Dist. LEXIS 55660 at *7 (D.N.J. July 15, 2008)(same).

Accordingly, the Amended Complaint fails to state a claim for § 1983 liability against the Gloucester County Prosecutor's Office. The Motion to Dismiss will be granted in this respect.

**2. Prosecutor Sean Dalton in his individual capacity**

---

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

The Amended Complaint fails to plausibly allege Prosecutor Dalton's liability based on his alleged failure to take safety precautions on the relevant roadway. It is not at all clear why, or how, an individual county prosecutor would be responsible for maintaining safety conditions on the road. Indeed, Prosecutor Dalton, in support of his instant motion, explains that his duties are limited by statute to the "detection, arrest, indictment and conviction of offenders against the laws," N.J.S.A. 2A:158-5, and that legislative authority to regulate roadways lies with the New Jersey Department of Transportation, see N.J.S.A. 27:1A-1.

In opposition to the instant Motion, Plaintiffs assert a completely different theory of liability as to Prosecutor Dalton. As noted in Section IV., A. above, they submit exhibits which, they assert, demonstrate that Gloucester County Prosecutor Sean Dalton "played a part in the making of practices and policies" for Franklin Township and its police officers. The Amended Complaint, as currently drafted, however, contains no such factual allegations.

Plaintiffs will be granted leave to amend their Amended Complaint in an attempt to cure the pleading deficiencies as to Prosecutor Dalton. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) ("[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court *must* permit a curative amendment unless such an amendment would be inequitable or futile.")(internal citation and quotation omitted; emphasis added).

## V.     CONCLUSION

For the above-stated reasons, the Motions to Dismiss of Defendants Gloucester County and Prosecutor Sean Dalton will be dismissed without prejudice; Plaintiffs will be granted leave to amend their Amended Complaint within 30 days. The Motion to Dismiss of Defendant Gloucester County Prosecutor's Office will be granted.

An appropriate order accompanies this opinion.


Date: September 7, 2016

                              s/ Joseph H. Rodriguez              
                              JOSEPH H. RODRIGUEZ, U.S.D.J.