UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF MATTHEW MCKLOSKEY et al., | : <br> : <br> :    Hon. Joseph H. Rodriguez <br> Plaintiffs,    : <br> :    Civil Action No. 15-4171 <br> v.    : <br> : <br> FRANKLIN TOWNSHIP, et al.,    : <br> :    **OPINION** <br> : <br> Defendants.    : |

These matters come before the Court on motions to Dismiss the Third Amended Complaint, pursuant to Fed. R. Civ. P. 12 (b)(6), filed by Defendants Gloucester County Prosecutor Sean Dalton and Gloucester County. The Court has considered the written submissions of the parties, without oral argument. For the reasons that follow, the Defendants' motions are granted.

**I.    Background**

The following facts are alleged in the Third Amended Complaint, which sets forth similar claims as the previous two complaints. The underlying facts of this case are tragic. Matthew McKloskey, aged 10, and two friends were crossing Delsea Drive (also known as New Jersey State Route 47) in Franklin Township, New Jersey, around 7:00 p.m. (Amend. Compl. ¶¶ 12, 16) It was dark outside and it was raining. (Id. ¶¶ 12, 20) Defendant Officer Locilento, "who had fairly recently been hired by Franklin Township," "was responding to a non-emergency call that was less than three miles away." (Amend. Compl. ¶¶ 18, 20) Locilento was driving "around 80 [miles per hour] without lights and sirens" when he struck Matthew with

1

his car. (Id. ¶ 21) Very shortly thereafter, Matthew died as a result of the injuries he sustained. (Id. ¶¶ 28, 103).

On September 7, 2016, the Court issued an Opinion and Order granting Plaintiff leave to file an Amended Complaint in response to the Court's ruling that, as plead, the Complaint failed to plead sufficient facts to plausibly support a finding of liability against the moving Defendants. Plaintiff subsequently filed a Second and then a Third Amended Complaint. Moving Defendants seek dismissal of the Third Amended Complaint on several grounds, with all parties in agreement that the claims against Defendant Gloucester County are derivative of the actions of Defendant Dalton.[1] As a result, the arguments advanced by Defendant Dalton in support of dismissal also form the basis for Defendant Gloucester County's motion.

Dalton moves for dismissal on grounds of Eleventh Amendment immunity, failure to state a claim under 42 U.S.C. §1983, and, alternatively, qualified immunity.

## II. Standard of Review

Defendants move for dismissal on grounds of Eleventh Amendment immunity, failure to state a claim, and qualified immunity. A motion to dismiss based on Eleventh Amendment, or sovereign immunity, is appropriate under both Rule 12(b)(1) and Rule 12(b)(6). <u>Carter v. City of Philadelphia</u>, 181 F.3d 339, 343 (3d Cir. 1999) (considering immunity under 12(b)(6)); <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 693 n. 2 (3d Cir .1996) (considering immunity under 12(b)(1)). Defendants move pursuant to Fed. R. Civ. P. 12 (b) (6).

---

[1] Defendants initially moved to dismiss the Second Amended Complaint. After a change in counsel, Plaintiffs were granted leave to amend and filed the Third Amended Complaint. The arguments in favor of dismissal as to the Second Amended Complaint are germane to the Third Amended Complaint because the claims against Dalton are identical and the Third Amended Complaint adopts the pleading set forth in the Second Amended Complaint. As a result, the arguments in favor of dismissal are relevant to the Third Amended Complaint and the Court will consider the motion as it relates to the Third Amended Complaint.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted). Accord Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted). Here, Plaintiffs' Complaint includes several references to exhibits attached to the Complaint and the Court will consider these documents without converting the motion to dismiss into a summary judgment motion. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id.

are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Analysis

Defendants' motions to dismiss will be granted because Dalton is entitled to Eleventh Amendment immunity and because the Third Amended Complaint fails to state a claim under 42 U.S.C. § 1983 against Dalton. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. The Eleventh Amendment incorporates a general principle of sovereign immunity that bars citizens from bringing suits for damages against any State in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). Sovereign immunity extends to State agencies and State officers, "as long as the state is the real party in interest." Fitchik v. N.J. Transit Rail Operations, 873 F.2d 655, 659 (3d Cir. 1989). It does not extend to counties and municipalities. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); Bolden v. Southeastern Pa. Transp. Auth., 953 F.2d 807, 813-14 (3d Cir. 1991) ("[A]lthough political subdivisions of a state, such as counties and

4

municipalities, fall within the term 'State' as used in the Fourteenth Amendment, political subdivisions are not 'State[s]' under the Eleventh Amendment.").

Some entities may be entitled to immunity, however, if deemed an arm of the state. Febres v. Camden Bd. of Educ., 445 F.3d 227, 229 (3d Cir. 2006) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). The test to determine whether an entity is an arm of the state and therefore entitled to Eleventh Amendment immunity is three-fold: (1) whether payment of a judgment resulting from the suit would come from the state treasury, (2) the status of the entity under state law, and (3) the entity's degree of autonomy. See Chisolm v. McManimon, 275 F.3d 315, 323 (3d Cir. 2001) (citing Fitchik, 873 F.2d at 229). The Third Circuit has repeatedly held that the most important factor is whether the payment of a judgment would come from the state treasury. Chisolm, supra, at 323 (citing Carter v. City of Phila., 181 F.3d 339, 348 (3d Cir. 1999)). Significantly, because Eleventh Amendment immunity is an affirmative defense, the burden of proving applicability is on the party asserting it. See Carter, 181 F.3d at 347.

In New Jersey, county prosecutors are employees of their respective Counties and not the State. See Edison v. Hyland, 156 N.J.Super. 137, 383 A.2d 714, 716 (N.J. Super. Ct. App. Div. 1978); In re Camden Police Cases, No. CIV. 10-4757, 2011 WL 3651318, at *2 (D.N.J. Aug. 18, 2011).  However, the New Jersey Supreme Court has held that a county prosecutor may be cloaked with sovereign immunity even though the prosecutor is not an employee of the State. Wright v. State of New Jersey, 169 N.J. 422, 460 (2001).  In Wright, the New Jersey Supreme Court held that, as to a county prosecutor's entitlement to sovereign immunity, the appropriate inquiry is "whether the function that the county prosecutors and their subordinates were performing during the alleged wrongdoing is a function that traditionally has been understood to be a State function and subject to State supervision in its execution." Id.

5

When county prosecutors perform law enforcement and prosecutorial functions, "they act as agents of the State. . . and qualify[] as State employees under N.J.S.A. 59:1–3 for the purpose of determining vicarious liability under the TCA. Wright, 169 N.J. at 462 (citing McAndrew v. Mularchuk, 33 N.J. 172, 193 (1960). Eleventh Amendment immunity, however, does not extend to a county prosecutor's performance of "administrative tasks unrelated to their strictly prosecutorial functions, such as ... personnel decisions." Id. at 462 (citing Coleman v. Kaye, 87 F.3d 1491, 1499 (3d Cir. 1996)). Administrative functions are a function of the county. Id. "Training and policy decisions that require legal knowledge and discretion are related to prosecutorial functions and are unlike administrative tasks concerning personnel." Hyatt v. Cty. of Passaic, 340 F. App'x 833, 836–37 (3d Cir. 2009) (citing Van de Kamp v. Goldstein, 555 U.S. 335, 129 S.Ct. 855, 861–62, 172 L.Ed.2d 706 (2009)).

Here, as to Defendant Dalton, the Third Amended Complaint alleges, exclusively, prosecutorial conduct. Only one claim specifically identifies Dalton in the title, Count I a Monell claim, the substance of which alleges Dalton acted "jointly and severally" with Defendant Franklin Township:

> through the Gloucester County Prosecutors [sic] Office, whether jointly or severally through it [sic] employees, agents and/or any other party failed in it's [sic] duty when if [sic] failed to properly train, monitor, provide adequate supervision, and/or manage it's [sic] employees on: a. The proper policies, practices and procedures in responding to non-emergency calls. . . . . [.]
> b. The monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers. c. The failure to identify and take remedial, training or disciplinary action against police officers who were subject of prior civilian complaints of misconduct. D. Franklin Township and Sean Dalton, through the Gloucester County prosecutor's Office, whether jointly or severally, as alleged in the Factual Allegations, violated the rights, privileges. . .[.]

Pls.' Thd. Am. Compl. ¶ 30 (emphasis supplied).

In addition, Count VIII sets forth a Monell claim against Defendant Gloucester County alleging that the County, through the actions of Defendants Gloucester County Prosecutor Dalton, failed in their duties and violated Matthew McKloskey's civil rights by:

a. failing to establish policies, practices and procedures in responding to non-emergency calls. Including, but not limited to, allowing complete discretion to rookie officers as to their speed limit, use of lights, use of sirens and related safety precautions to better be in control of their vehicle and/or alert the general public as to their speed; and the failure to include policies and procedures related to the road conditions, weather, experience of the officer and type of neighborhood within which the officer is traveling. The policies and procedures developed by the defendants allowed the officers of defendant FRANKLIN TOWNSHIP, including defendant, NICHOLAS LOCILENTO, to act with reckless, callous, deliberate indifference and/or willful disregard to the safety of the public in response to non-emergency calls as to fail to prevent injuries of citizens.
b. failing to provide adequate training regarding the response to non-emergency calls. Including, but not limited to, allowing complete discretion to rookie officers as to their speed limit, use of lights, use of sirens and related safety precautions to better be in control of their vehicle and/or alert the general public as to their speed; and the failure to include policies and procedures related to the road conditions, weather, experience of the officer and type of neighborhood within which the officer is traveling.
c. monitoring of police officers whom it knew or should have known were suffering emotional and/or psychological problems which impaired their ability to function as officers.
d. Failing to identify and take remedial, training or disciplinary action against police officers who were subject of prior civilian or internal complaints of misconduct or otherwise put the general public at risk of injury or harm.
e. allowing a dangerous custom or practice to form among the police officers of defendant FRANKLIN TOWNSHIP including defendant, NICHOLAS LOCILENTO, in responding to non-emergency calls. Said dangerous customs and practices include, but are not limited to, allowing police officers including defendant, NICHOLAS LOCILENTO, to use excessive speed in response to non-emergency calls without due regard to road conditions, weather, lighting, and other vehicle and pedestrian traffic.

Id. at ¶ 81.

Because the allegations in the Third Amended Complaint as to Defendant Dalton allege prosecutorial, as opposed to administrative, functions, Eleventh Amendment immunity attaches. See In re Camden Police Cases, No. CIV. 10-4757, 2011 WL 3651318, at *4 (D.N.J. Aug. 18, 2011 (supervising and training police officers is a

prosecutorial function); see also Fletcher v. Camden County Prosecutor's Office, A0385–09T1, 2010 N.J.Super. Unpub. LEXIS 2592, 2010 WL 4226150 (N.J. Super. Ct. App .Div. Oct. 27, 2010). Defendants' Motion to dismiss is granted on this basis.

In addition, the Court finds that Plaintiff's claims pursuant Monell fail to state a claim against Defendant Dalton. A municipality is not liable under 42 U.S.C. § 1983 on a respondeat superior theory. Monell v. Dept. Soc. Servs. of New York, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, a government entity may be liable for its agent's actions upon a demonstration that a policy or custom of the municipality caused, or was a "moving force" behind, the alleged violation of Plaintiff's rights. Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)); Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996).

The United States Supreme Court has held that "neither a State nor its officials acting under their official capacities are 'persons' amenable to suit under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). As such, an employee of the State named as a defendant in a civil rights action may be held liable only if that person has personal involvement in the alleged wrongs and is sued in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 31 (1991) ("state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983"). "Local government bodies and their officials, by contrast, are regarded as 'persons' amenable to suit under § 1983." Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 854 (3d Cir. 2014) (citing Monell, 436 U.S.at 690).

Individuals named as defendants in their personal capacities are amenable to suit under § 1983 as "persons." Lagano, 769 F.3d at 856. "Officials sued in their personal capacities ... may assert personal immunity defenses." Hafer, 502 U.S. at 25. In the preamble, the Third

Amended Complaint identifies Defendant Dalton as a "governmental entity of the STATE OF NEW JERSEY[.]" Third Am. Compl. ¶ 3. There is no indication as to whether Dalton is being sued in his official or individual capacity. Likewise, there are no allegations to support an inference that Dalton is being sued pursuant to 42 U.S.C. §1983 in a supervisory capacity. Such an omission is fatal to Plaintiff's claim and cannot be cured by an amendment because, even under a generous reading of the Third Amended Complaint, there is no suggestion that Defendant Dalton was personally involved in the accident. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.") (citations omitted). At best, the Third Amended Complaint seeks to place Dalton in the shoes of dismissed defendant Gloucester County Prosecutor's Office without alleging any individual or personal actions by Dalton.

The allegations against Defendant Dalton are speculative and fail to demonstrate a plausible claim for relief. For example, the Third Amended Complaint alleges:

> 33. A quote from Mike Rock, former chief of police, makes a statement indicating the Gloucester County Prosecutors Office (sic) participated in making the policies and procedures.
>
> 34. A quote from Franklin Township Police Chief Mike Rock: "I certainly anticipate, based on a conversation that I had with prosecutor (Sean) Dalton, that the policy review is going to be a big part of their recommendations."
> 35. This is an admission from the Police Chief at the time that Sean Dalton and the Gloucester County Prosecutors office played a part in developing the Policies and procedures as, again, "Dalton's review will be a big part" (sic)
>
> 36. Sean Dalton through the Prosecutor's office played a big part in the policies and procedures.

Thd. Am Compl. ¶¶ 33-36. The allegations speak to prospective review, without any context or information as to the nature of the policies subject to review or the relationship of the policies

to the accident. As drafted, the quotes from the Police Chief suggest anticipatory conduct and are insufficient to state a plausible constitutional violation. Thus, the facts as plead fail to meet the mandate of Iqbal because they "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). As a result, the motions to dismiss are granted on this basis.

## IV. Conclusion

For the reasons set forth above, the claims against Defendant Dalton are dismissed on the basis of Eleventh Amendment Immunity and failure to state a claim, as are the derivative claims against Defendant Gloucester County. The Court need not address whether Defendant Dalton is entitled to qualified immunity. The Court further finds that any further amendments as to these Defendants is futile because Defendant Dalton is absolutely immune from suit. Lopez Siguenza v. Roddy, CIV. NO. 13-2005, 2014 U.S. Dist. LEXIS 43238, at *36 (D.N.J. Mar. 31, 2014) (further amendment against county prosecutor in a § 1983 claim denied as futile because prosecutor "covered by absolute or qualified immunity."). Defendants' motions are granted and the claims against the moving Defendants are dismissed with prejudice. An appropriate Order shall issue.

Dated: June 15, 2017

s/ Joseph H. Rodriguez  
HON. JOSEPH H. RODRIGUEZ,  
United States District Judge